Dear Mr. Smith:
You recently requested of this office an opinion concerning the proper procedure for filling resigned positions on a local school board. Specifically, you inquired as to whether such a resignation creates a vacancy giving rise to the board's appointment authority, or whether an absence of law on the matter mandates reliance on Robert's Rules of Order to fill the position.
R.S. 18:581 defines the term "vacancy" as it relates to elective offices. It provides in pertinent part, the following:
 (1) A "vacancy" occurs in an elective office when the office is or will be unoccupied by reason of the death of the official who was elected to the office, or by reason of his retirement or resignation, . . . (Emphasis added).
Clearly, there has been a vacancy created by the resignation of the President of the St. Tammany School Board. Furthermore, the procedure for filling vacancies in elective offices is addressed in Louisiana statutory law.
R.S. 18:602 states in part B that:
 When a vacancy occurs in the membership of a city or parish school board, the remaining members of the board shall, within ten days, declare that the vacancy has occurred and proceed to appoint a person who meets the qualifications of the office to fill the vacancy.
Additionally, section E of R.S. 18:602 provides in part, the following:
 (2)(a) If the unexpired term exceeds one year, the governing authority of the local governmental subdivision in which the vacancy occurs, or the school board when the vacancy occurs in its membership, . . . within ten days after the vacancy occurs, shall issue a proclamation ordering a special election to fill the vacancy . . .
It is the opinion of this office that these provisions render the Robert's Rules of Order procedures moot. Robert's Rules of Order are only applicable if no rule is specified on how vacancies are to be filled. R.S.18:602 adequately provides for this contingency.
The resignation of the board member has resulted in a vacancy in the office that must be filled in accordance with state law, see R.S. 18:602. There is no absence or disability. When the new member or members are appointed, the board shall elect its president and vice-president if the vice-president's office is vacated.
I trust this answers your inquiry. Please do not hesitate to contact me if I can be of further assistance.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
JMR/vls-0502l